IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN LAMAS AGUILAR,

     Petitioner,

     v.                              Case No. 1:25-cv-00996-KWR-KK

TODD BLANCHE, *in his official capacity as*
*Acting Attorney General of the United States*,
MARKWAYNE MULLIN, *in his official capacity as Secretary*
*of the Department of Homeland Security*,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, *in his official capacity as Acting Director of*
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director*,
JAMIE RAYE CARNES, *Warden of Torrance County Detention Center*,

     Respondents.

## MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EAJA

**THIS MATTER** comes before the Court on Petitioner's Opposed Motion for Attorneys' Fees and Costs Under the EAJA (Doc. 29). In accordance with the Court's Memorandum Opinion and Order granting habeas relief (Doc. 26), Petitioner seeks attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). Having reviewed the briefings, exhibits, and relevant law, the Court finds that the Motion is well-taken because the Government has failed to meet its burden. Petitioner's motion is **GRANTED**.

### BACKGROUND

In July 2025, Petitioner Juan Lamas Aguilar, a citizen of Mexico, was arrested by Immigration and Customs Enforcement ("ICE") officers in New Mexico when he reported to his parole officer for a misdemeanor offense. Doc. 29 at 2. Despite residing in the United States for

more than 16 years, Petitioner was arrested and detained without a bond hearing because Respondents[1] classified his detention as mandatory under 8 U.S.C. § 1225(b)(2)(A) rather than discretionary under 8 U.S.C. § 1226(a). *Id.*

In October 2025, Petitioner sought habeas relief, requesting that the Court release him from custody or order a bond hearing. *Id.* at 3; Doc. 1 (Petition). Additionally, he requested that the Court award attorneys' fees and costs under the EAJA. Doc. 1 at 17. In November, Respondents filed a motion to dismiss. Doc. 11.

On January 12, 2026, the Court granted the petition and dismissed the motion. Doc. 27 (Judgment). The Court declined to accept Respondents' statutory interpretation of §§ 1225 and 1226 and found that § 1225(b)(2)(A) was limited to noncitizens "seeking admission"; § 1226(a) governed the detention of noncitizens residing in the United States. Doc. 26 at 9 (Memorandum Opinion and Order). Because Petitioner had been residing in the United States for more than a decade and was not seeking admission at the time of his arrest, his detention was governed by the discretionary detention procedures under § 1226(a). *Id.* at 12. Accordingly, Petitioner was entitled to an individualized bond hearing. *Id.* The Court further determined that Petitioner may pursue attorneys' costs and fees under the EAJA. *Id.* at 13. Following the Court's order, Respondents conducted a bond hearing where an immigration judge denied Petitioner bond. Doc. 31 at 1.

On February 11, 2026, Petitioner filed the instant motion requesting attorneys' fees and costs pursuant to the EAJA because he meets the requirements under 28 U.S.C. § 2412.

---

[1] The Court notes that the warden of Torrance County Correctional Facility, a private facility, was also a respondent to the petition. Acting Warden Melissa Ortiz, *see* Doc. 13, did not join the Government in objecting to the instant motion.

2

**LEGAL STANDARD**

Under the EAJA, a fee award is required if (1) petitioner is a "prevailing party," (2) the government's position was not "substantially justified," and (3) there are no special circumstances rendering an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).

In a motion for EAJA fees and costs, the petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust. *See Hackett*, 475 F.3d at 1170; *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991); *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009).

**DISCUSSION**

Now that the Court has granted habeas relief, Petitioner seeks costs and attorneys' fees under the EAJA. Because Petitioner's motion meets the EAJA's requirements and the Government does not carry its burden of showing that its position was substantially justified, the Court will grant Petitioner's motion.

I.   **Eligibility.**

To receive an attorney fee under EAJA, an individual cannot have a net worth in excess of $2,000,000 at the time the civil action was filed. § 2412(d)(2)(B)(i). Petitioner states that he meets the eligibility requirement, which the Government does not dispute. Accordingly, Petitioner satisfies this requirement because he does not have a net worth above the statutory limit.

3

**II.    Prevailing party.**

The Government contends that Petitioner was not the prevailing party because (1) the Court ordered a bond hearing rather than release and (2) Petitioner is still detained. Doc. 31 at 4–5. Petitioner disagrees, stating that he is the prevailing party because the Court determined that he is detained subject to the discretionary provisions of 8 U.S.C. § 1226, granted the petition, and ordered a bond hearing. Doc. 32 at 2.

The Court agrees with Petitioner; he is a prevailing party. Petitioner sought release or a bond hearing. The Court decided the merits of his petition and granted a specific relief requested in his petition. *See Iqbal v. Holder*, 693 F.3d 1189 (10th Cir. 2012). The resulting order and judgment led to a "material alteration of the legal relationship of the parties." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001); *see also Al-Maleki v. Holder*, 558 F.3d 1200, 1205–06 (10th Cir. 2009). Although Petitioner was not released, he received the process he was due by statute, and he was no longer subject to mandatory detention under § 1225. Accordingly, Petitioner is a prevailing party under the EAJA.

**III.    Substantial justification.**

Next, the parties disagree over whether the Government's actions were substantially justified. The EAJA first requires that a petitioner demonstrate that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A)–(B). Then, the government justifies its position in any underlying proceedings and district court litigation. *Hackett*, 475 F.3d at 1173–74. The government bears the burden of showing that its position was substantially justified. *Id.* at 1172.

A position is substantially justified if it has "a reasonable basis in both law and fact." *Id.*; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[T]he government must establish three

components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520–21 (10th Cir. 1993) (citing *Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir. 1988)). The government's position includes both the underlying action and its litigation position. *Al-Maleki*, 558 F.3d at 1207; *see also* § 2412(d)(2)(D).

Petitioner asserts that the Government had no reasonable basis in law or fact for its position that all noncitizens residing in the United States are subject to the mandatory detention requirements of § 1225(b) or for its position to deny him a bond hearing. Doc. 29 at 7. To support his position, Petitioner points to the longstanding interpretation of §§ 1225 and 1226, court decisions invalidating the Government's statutory interpretation of the provisions, and the facts of his case. *Id.* at 7–8.

The Government only seeks to prove that there was a reasonable basis in law for the theory it put forward. It asserts that its interpretation of §§ 1225 and 1226 was substantially justified because (1) the overwhelming nonbinding findings of district courts and the Seventh Circuit do not amount to per se unsubstantial justification; (2) reasonable minds could differ as to the statutory interpretation of §§ 1225 and 1226 because some district courts and the Fifth Circuit have ruled in the Government's favor; and (3) substantial justification exists even though the Court rejected the Government's interpretation. Doc. 31 at 3–4.

The Government's justification as to its legal position has some merit. An ultimately incorrect position may be a substantially justified position. *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (citing *Hackett*, 475 F.3d at 1127). And if the law is "unclear or in flux," it is more likely that the Government's position was substantially justified. *Martinez v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1381 (10th Cir. 1987). But the available caselaw at the outset of and during

litigation matters; a string of losses or wins can indicate whether the Government's position was substantially justified. *Pierce*, 487 U.S. at 569. And a split in nonbinding circuit authority does not necessarily mean that reasonable minds differ. *See id.* (Supreme Court could not state that district court abused its discretion in finding no substantial justification when a circuit court issued stays and Supreme Court granted certiorari, while nine district courts and two circuit courts rejected the government's position).

Here, though, the Court finds that it does not need to reach the question of whether the Government was substantially justified as to its legal position. The Government ignores its burden to prove that the underlying action was substantially justified. *See Harris*, 990 F.2d at 520–21; *see also Hackett*, 475 F.3d at 1174 (finding that government must justify both its position in underlying agency proceedings and in subsequent court litigation). In its response, the Government does not address Petitioner's factual allegations whatsoever. For example, the Government does not describe its justification for the change in agency practice. It does not argue that there was a reasonable basis for arresting Petitioner while he was complying with an unrelated state misdemeanor offense. And it does not justify the mandatory detention of Petitioner—who came to the United States as a child and had resided here for well over a decade—and how the facts reasonably supported its legal theory. Thus, by ignoring elements of the reasonableness test, the Government has not justified its position.

Accordingly, for the reasons discussed above, the Court finds that the Government has failed to meet its burden of showing substantial justification.

IV.     **Special circumstances that would render a fee award unjust.**

Finally, the Government argues that special circumstances are at issue because of the Government's "unique predicament" and the lack of "material change in the relationship between the parties." Doc. 31 at 5.

The Government argues that penalizing it with attorneys' fees and costs, while it is bound to *Hurtado*, would put the Government in an "impossible position" as it has "no authority to overrule that decision directly." *Id.* at 6. The Court rejects the Government's attempt to cast the individual respondents as anything less than the leaders of their respective agencies, departments, and institutions. The Attorney General has broad authority to review *de novo* BIA decisions, including *Hurtado*. *See* 8 C.F.R. § 1003.1(g), (h). Through this process, the Attorney General could overturn this BIA precedent. Thus, the Attorney General is the final arbiter of the immigration agency's interpretation of a statute, including the statutes dealing with detention. *Cf. Bamidele v. INS*, 99 F.3d 557, 563–64 (3d Cir. 1996) (noting that attorney general overruled prior BIA interpretation of immigration statute and that attorney general's interpretation became one adopted by INS). Therefore, the Government is not powerless to consider and overturn *Hurtado* until the Tenth Circuit or the Supreme Court weighs in.

Further, the Court is not persuaded by the Government's assertion, without citing any supporting authority, that Petitioner's continued detention following his bond hearing warrants the denial of attorneys' fees and costs.

V.      **Reasonableness and evidentiary sufficiency.**

The Government does not address the reasonableness or evidentiary sufficiency of Petitioner's requested award. *See* Doc. 31. The Court has carefully considered Petitioner's motion and calculation of expenses, fees, and costs incurred (Doc. 29-1) and finds that the requested

7

$5,318.75 in attorneys' fees and $ 144.14 in costs, totaling $5,462.89, is a reasonable award. *See §* 2412(d)(1)(C).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Attorneys' Fees and Costs Under the EAJA is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order. The fees will be paid to Petitioner but delivered to Petitioner's attorneys. *See Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010); *Manning v. Astrue*, 510 F.3d 1246, 1250–51 (10th Cir. 2007).


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

8