IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN LAMAS AGUILAR,

        Petitioner,

        v.                                    Case No. 1:25-cv-00996-KWR-KK

TODD BLANCHE, *in his official capacity as*
*Acting Attorney General of the United States*,
MARKWAYNE MULLIN, *in his official capacity as Secretary*
*of the Department of Homeland Security*,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, *in his official capacity as Acting Director of*
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director*,
JAMIE RAYE CARNES, *Warden of Torrance County Detention Center*,

        Respondents.

## MEMORANDUM OPINION AND ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER EAJA FEE AWARD

**THIS MATTER** comes before the Court on the Government's Motion to Reconsider Award of EAJA Fees (Doc. 35). Having reviewed the briefing and relevant law, the Court finds that the Motion is not well-taken. The Government has not demonstrated that the order awarding EAJA fees must be amended to correct a clear error. The Government's Motion is **DENIED**.

## BACKGROUND

The Government's motion to reconsider arises from the Court's order granting attorneys' fees and costs to Petitioner Juan Lamas Aguilar pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 35. In January 2026, the Court granted Petitioner's habeas corpus petition after Respondents denied Petitioner—a noncitizen present in the United States for approximately 16 years—a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 26 (Memorandum

Opinion and Order). The Court declined to accept Respondents' statutory interpretation of §§ 1225 and 1226 and found that § 1225(b)(2)(A) was limited to noncitizens "seeking admission"; thus, noncitizens already present in the United States were detained under § 1226(a). *Id.* at 9. Accordingly, Petitioner was subject to the discretionary detention procedures outlined in § 1226(a) and not subject to mandatory detention required by § 1225(b)(2)(A).

In February 2026, Petitioner filed for EAJA attorneys' fees and costs. On April 21, the Court granted Petitioner's application, finding that the Government had not met its burden under 28 U.S.C. § 2412(d)(1)(A). On May 5, the Government filed a motion requesting that the Court reconsider its decision to award EAJA fees.

## LEGAL STANDARD

Fed. R. Civ. P. ("Rule") 59(e) allows a district court to alter or amend a judgment if the motion is filed "no later than 28 days after the entry of the judgment." "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "But once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006)). Thus, a Rule 59(e) motion to reconsider is not an "appropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012. Rather, a Rule 59(e) motion may

2

be granted if "the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

## DISCUSSION

Under the EAJA, a fee award is required if (1) petitioner is a "prevailing party," (2) the government's position was not "substantially justified," and (3) there are no special circumstances rendering an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).

In a motion for EAJA fees and costs, the petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust. *See Hackett*, 475 F.3d at 1170; *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991); *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009).

In its Rule 59(e) motion to reconsider, the Government contends that the Court erred when it determined that the Government failed to establish that its position was substantially justified.

## I.    The Government needed to justify the underlying agency actions.

First, the Government argues that it did not need to separately justify its underlying agency actions in its response to Petitioner's EAJA application. There, the Government only sought to prove that there was a reasonable basis in law for the theory it put forward. Because the Government ignored its burden to show that the underlying action was substantially justified, the Court concluded that the Government did not justify its position as required by the EAJA.

3

The EAJA requires that a petitioner demonstrate that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A)–(B). Then, the government must justify its position in any underlying proceedings and district court litigation. The government bears the burden of showing that its position was substantially justified. *Hackett*, 475 F.3d at 1172.

A position is substantially justified if it has "a reasonable basis in both law and fact." *Id.*; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[T]he government must establish three components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520–21 (10th Cir. 1993) (citing *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988)). The government must justify both the underlying action and its litigation position. *Hackett*, 475 F.3d at 1170; *see also United States v. Johnson*, 920 F.3d 639 (10th Cir. 2019).

According to the Government, Petitioner's case is distinguishable from existing caselaw because the material facts were not disputed and "the underlying action was taken pursuant to the same legal position and authority advanced by Respondents in this litigation." Doc. 35 at 3. For these reasons, the Government contends that the underlying agency actions do not require separate justification under the EAJA. In the Government's eyes, it does not need to justify its actions because the law and the facts are part and parcel.

The Court rejects the Government's argument that the Court erred in its prior ruling by requiring separate justification. Here, the central issue in the litigation was whether Respondents had a reasonable basis for subjecting Petitioner to mandatory detention. In his habeas petition and EAJA fee application, Petitioner argued that he was denied a bond hearing due to DHS's policy change, BIA's decision in *Hurtado*, the agency's implementation of *Hurtado* despite longstanding

4

statutory interpretation and practice, and Respondents' decision to deny Petitioner a bond hearing even though he had been present in the country for more than a decade. Respondents did not dispute these facts in litigation, but Petitioner disputed the reasonableness of these facts in his EAJA application. As Petitioner points out, the lack of factual dispute in litigation and the connection between the underlying agency action and legal theory do not excuse the Government from proving substantial justification under the EAJA. For the reasons below, the Court agrees with Petitioner.

The controlling law requires the Government to prove both the "reasonable basis in fact" element and the "reasonable basis in law" element. First, the Supreme Court and Tenth Circuit have expressly stated that the Government must show that its actions had a reasonable basis in fact. *See, e.g.*, *Harris v. R.R. Ret. Bd.*, 990 F.2d at 520–21 ("[T]he government must establish . . . a reasonable basis for the facts asserted . . . ."). Next, the controlling law has also clearly stated that the "reasonable basis in fact" element includes the Government's position in the underlying agency actions. *See, e.g.*, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165 (1990) ("The 'substantial justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees, one that properly focuses on the governmental misconduct giving rise to the litigation."); *Hackett*, 475 F.3d at 1170 ("[O]nce an EAJA application is filed, the government is on notice, based on the plain language of the statute, that it must justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation."). Thus, the Government had the burden to establish both its legal and factual position, including the underlying agency actions, to defeat Petitioner's application for EAJA fees.

Further, the circuit cases cited in the Government's motion fail to support its contention that it did not have to justify why the underlying agency action was reasonable. Rather, the cases

5

demonstrate that the Court would abuse its discretion if it denied EAJA fees without separately considering the reasonableness of the Government's underlying agency actions.

The Government directs the Court's attention to the cases cited in *United States v. Marolf*, 277 F.3d 1156 (9th Cir. 2002), which the Tenth Circuit relied on in *Hackett*. Specifically, the Government points to *Wilderness Soc'y v. Babbitt*, 5 F.3d 383 (9th Cir. 1993). In *Wilderness Society*, the Ninth Circuit held that the district court erred when it did not determine whether the government's underlying agency actions were substantially justified. *Id.* at 388. The district court should not have stopped its analysis at the reasonability of the government's litigating position. *Id.* The Ninth Circuit later reaffirmed *Wilderness Society*'s holding in *Marolf* when it held that the district court abused its discretion by disregarding the underlying agency action in its substantial justification analysis. 277 F.3d at 1164. Neither opinion indicates that, under certain circumstances, the government does not have to separately justify its underlying agency actions. Therefore, a court must consider the reasonableness of these actions when determining whether to award EAJA fees. But, here, the Court could not evaluate the reasonableness of these actions without the Government's input; after all, it was the Government's burden to prove substantial justification.

To the extent that the Government now argues that Petitioner's case is distinguishable from *Harris* and *Hackett* and that the underlying agency actions were substantially justified because the Government's underlying actions and legal theory were "inextricably intertwined," these are arguments that the Government could have made in its response to Petitioner's application for EAJA fees. Yet, the Government did not. Accordingly, the Court will not consider these new arguments presented in a Rule 59(e) motion. *See Servants of Paraclete*, 204 F.3d at 1012.

In sum, since substantial justification was the Government's burden to prove—and the Government did not explain why there was a reasonable basis for its underlying agency actions—

the Court was unable to make the findings required by the EAJA. Thus, the Court did not err when it determined that the Government failed to meet its burden of proving substantial justification. The Court will not reconsider its substantial justification decision to correct a clear error.

**II.      The Government did not sufficiently address the underlying agency actions.**

Alternatively, the Government argues that it sufficiently addressed the underlying agency actions in its response to Petitioner's EAJA application. The Government points to two facts that it raised in its response: (1) "actions at an agency level . . . are mandated by binding authority from the BIA" and (2) "relevant agencies and actors are following the law as interpreted by the highest body within the U.S. Immigration Court system, which is binding upon them in ways that is not upon this Court." Doc. 35 at 4; Doc. 31 at 5–6.

But the Government presented these two facts in its section on why special circumstances warranted the denial of EAJA fees. It did not connect these facts to why its position was substantially justified, and the Court will not make arguments on its behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").

Accordingly, the Government did not sufficiently address the underlying agency actions. The Court will not reconsider its decision on the basis that it misapprehended the Government's position on substantial justification. *See Servants of the Paraclete*, 204 F.3d at 1012.

**CONCLUSION**

For the reasons discussed, the Government has not demonstrated that the Court should reconsider its decision to award EAJA fees to Petitioner. The Court followed controlling law when it found that the Government did not meet its burden as to substantial justification by failing to address the reasonableness of the underlying agency actions, and the Court did not misapprehend the Government's position when it did not consider facts raised by the Government in a different argument.

**IT IS THEREFORE ORDERED** that the Government's Motion to Reconsider Award of EAJA Fees (Doc. 35) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE